(89 Misc. Rep. 579)

MILLIKEN et al. v. FRISBIE, COON & CO. et al.

(Supreme Court, Special Term, New York County.   March, 1915.)

SALES ☞47—ACTION TO RESCIND—FALSE MERCANTILE STATEMENT.

Where, in an action to rescind a sale of goods to a corporation, it appears that the goods were procured on credit through a false mercantile statement made by officers of the buyer as to its financial condition, and that at the time of the making of such statement it had entered into a contract insuring the transfer to another of the bulk of its assets and future products at less than cost, and was in an insolvent condition, judgment will be granted for plaintiffs, though the scheme for transferring the assets was devised by a third person, not a defendant.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 96; Dec. Dig. ☞47.]

Action by Seth M. Milliken and others against Frisbie, Coon & Co. and others.   Judgment for plaintiffs.

Duer, Strong & Whitehead, of New York City (Seldon Bacon, of New York City, of counsel), for plaintiffs.

William M. Morrill, of Troy, for defendant Frisbie, Coon & Co.

FORD, J.   Plaintiffs allege a conspiracy among the defendants to defraud and prove the following facts:

Defendant Frisbie, Coon & Co. is a corporation, of which defendant George A. Frisbie and Sherrill Sherman were president and secretary respectively.   Defendant Oneida Regal Company is also a corporation, of which the defendant Frisbie was assistant treasurer and the officer chiefly charged with the management of its financial affairs.   The Richelieu Company was a third corporation, organized by the persons interested in the other two corporations, to act as sole sales agent for them.

A contract of such nature as to insure the transfer of the great bulk of the tangible assets of Frisbie, Coon & Co. to the Richelieu Company in præsenti and its finished products in futuro at less than the actual cost of manufacture was made between those two corporations.   Then the defendant Frisbie gave to a representative of the mercantile agency, R. G. Dun & Co., a written statement of assets and liabilities of Frisbie, Coon & Co. which was materially false and fictitious.   In the preparation of the figures in that statement contained, the defendant Sherman participated.   In point of fact the corporation had been losing heavily in its business for a long time and was plainly insolvent, and inevitably destined by the operation of the contract with the Richelieu Company to become in a worse and worse financial plight as time went on.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Unless a degree of incompetency at which my common sense revolts be ascribed to the defendants Frisbie and Sherman, they must be charged with knowledge of this situation. The inevitable result followed. Frisbie, Coon & Co., denuded of its assets and manufacturing at a loss, simply dried up, leaving nothing but the empty shell. In the meantime, the plaintiffs, induced by the false statement of assets and liabilities furnished by the defendant Frisbie, Coon & Co. to Dun & Co., and by the latter to it, sold goods on credit to Frisbie, Coon & Co., which have not been paid for. They bring this suit to rescind the sale and for judgment against all the defendants as parties to the conspiracy.

It is clear from the testimony that there was another concern, not a defendant, which has been aptly referred to upon the trial as the master creditor by whom the scheme adopted by the defendants seems to have been dictated for the purpose of transferring the assets of Frisbie, Coon & Co. first to the Oneida Regal Company and the Richelieu Company, and then to the master creditor. That does not excuse the defendants. They may not supinely submit themselves to the will of others in perpetrating a fraud upon creditors and go unwhipped of justice.

It was an adroit mind which conceived the scheme for the absorption of the assets of plaintiffs' debtor, and it may be that all the participants did not fully understand its scope and purpose. But their plea of ignorance is of no avail. As was said in Huntington v. Attrill, 118 N. Y. 374, 23 N. E. 546:

"The means of judging of the knowledge which the defendants had and upon which they acted, and the motive by which they were influenced, must be derived from the circumstances treating those persons as men of ordinary discernment and sagacity. The officers assuming the responsibility and charged with the duties of the management of the business of corporations are not supposed to shut their eyes to that which is open to observation and legitimately subject to their inspection and control."

Judgment will be granted in favor of the plaintiffs, and against all the defendants, as prayed for in the complaint.